KATHERINE F. MURRAY (SB# 211987)
katherinemurray@paulhastings.com
COURTNEY DETHOMAS (SB#294591)
courtneydethomas@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

Attorneys for Plaintiff
AVON PRODUCTS, INC.

Susan E. Barnwell
30234 West Sheila Lane
Buckeye, AZ 85396
Telephone: 9623) 384-7375
*Pro Se Defendant*

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVON PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SUSAN E. BARNWELL; COUNTY RECORDER OF LOS ANGELES COUNTY; SECRETARY OF STATE OF CALIFORNIA, <br><br> Defendants. | CASE NO. 2:15-CV-03046-JFW (ASX) <br><br> **CONSENT DECREE AND [PROPOSED] ORDER** |

## CONSENT DECREE AND ORDER

1. Plaintiff Avon Products, Inc. ("Avon") brought this this action seeking to redress the filing of alleged bogus UCC-1 financing statements by Defendant Susan E. Barnwell ("Barnwell"). Avon and Barnwell shall be referred collectively herein as the "Parties."

2. Barnwell was employed by Avon in in Pasadena, California from May 3, 1986 through October 1, 2009. During some periods of Barnwell's employment, Avon processed tax levies from the Internal Revenue Service and the California Franchise Tax Board after Barnwell failed to pay federal and state income taxes.

3. On or about February 22, 2006, Barnwell sent Avon a "Memorandum of Law," wherein she objected to Avon's garnishment of her wages. As of June 16, 2006, Barnwell claimed that Avon had garnished her wages in the amount of $11,158.83.

4. Barnwell also informed Avon that she was serving Avon with a "Notice of Common Law Trademark/Security Agreement," in which Barnwell stated that the names "Susan Elizabeth Truesdell" and "Susan Elizabeth Truesdell Barnwell," along with any and all derivatives and variations in the spelling of those names, were trademarked under common law.

5. Barnwell subsequently informed Avon that, pursuant to Barnwell's assertion of her common law trademark in her name, Avon owed Barnwell $500,000 each time Avon used Barnwell's name for commercial benefit.

6. On or about September 25, 2014, Barnwell sent Avon a letter stating that Avon, along with two former Avon employees, were indebted to Barnwell for $87,053,490.56 in connection with their purportedly unauthorized use of Barnwell's name. Barnwell also informed Avon that, on March 7, 2007, she had filed a UCC-1 Financing Statement with the Los Angeles County Recorder's Office, which the Recorder accepted and recorded. Barnwell further informed

Avon that she had filed a second UCC Financing Statement with the California Secretary of State.  Barnwell also informed Avon that she had heard that Avon was considering selling or was in the process of selling its property located at 2940 East Foothill Boulevard in Pasadena, California.  Barnwell demanded that Avon provide her with proceeds from any sale of the Pasadena property, and she threatened to foreclose under her UCC Financing Statement unless Avon made arrangements to pay her the sums Barnwell claimed she was owed.

7.     Avon filed its Complaint in this action on April 23, 2015, asking the Court to declare null and void any security agreements or other purported contracts that relate in any way to Barnwell's alleged security interest in any of Avon's property.  Avon also sought to vacate all UCC financing statements that Barnwell may have filed against Avon with any governmental entity, ordering Barnwell to file all documents necessary to terminate any UCC financing statements filed by Barnwell, and to enjoin Barnwell from filing any future unauthorized or fraudulent security agreements or financing statements seeking to enforce any lien against Avon.  Avon also sought statutory damages in the amount of $500.00 for each of Barnwell's false filings pursuant to UCC Section 9-625(c)(3) (Cal. Com. Code § 9625(3)(3)), for monetary damages that Avon may have suffered as a result of Barnwell's clouding of its title, and for attorneys' fees and costs in connection with the filing of this action.

8.     On or about May 21, 2015, Barnwell filed an Answer to Avon's Complaint, denying each and every allegation in the Complaint and asserting affirmative defenses.

9.     The Parties have decided to enter into this Consent Decree and Order to resolve this lawsuit without the need for protracted litigation, and agree that this lawsuit shall be finally resolved by entry of this Consent Decree.  By entering into

this Consent Decree, Barnwell does not admit liability to the allegations in Avon's Complaint.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

## GENERAL PROVISIONS

10. This Court has jurisdiction over the subject matter and the Parties to this lawsuit. This Court will retain jurisdiction to enforce and interpret the terms of this Consent Decree and Order.

11. This Consent Decree and Order is final and binding upon the Parties, their successors and assigns.

12. The Parties will each bear its own costs and attorneys' fees in this action.

13. Upon entry by the Court of this Consent Decree and Order, the Parties agree to file a Joint Stipulation to Dismiss Action Pursuant to Federal Rule of Civil Procedure 41(a)(1).

## INJUNCTIVE RELIEF

14. As part of the resolution of this lawsuit, Avon and Barnwell have entered into a Settlement Agreement and General Release, the terms of which provide that, immediately upon execution of the Settlement Agreement, Barnwell shall file UCC-3 forms in California, Arizona, and anywhere else where she has filed financing statements against Avon, terminating any and all security interests she may have against Avon. Barnwell will email confirmation of those filings to Avon's counsel at katherinemurray@paulhastings.com. Barnwell further agrees to refrain from filing any future liens against Avon anywhere in the world. Barnwell also agrees to refrain from asserting any trademark infringement claims against Avon based on Avon's purported use of Barnwell's name.

15. Avon stipulates that this Consent Decree and Order resolves all matters under the Complaint, including without limitation, all injunctive relief claims brought under the Complaint, and that this Consent Decree and Order also resolves Avon's damages claim asserted in the Complaint.

**ENFORCEMENT**

16. Should Avon in the future become aware of any facts or conditions suggesting that Barnwell has failed to comply with any of the injunctive relief provisions set forth herein, Avon shall, prior to seeking enforcement from this Court, provide notice to Barnwell in writing, addressed to her current address and any other address Avon may locate for Barnwell at that time. Barnwell shall have thirty (30) days following receipt of such notification to correct the alleged violation(s) and/or respond to Avon's allegations. Any response made by Barnwell shall be in writing, addressed to Avon's counsel, Katherine F. Murray of Paul Hastings LLP, at her then current address registered with the California State Bar.

17. If Avon determines, in its own good faith discretion, that the matter(s) are not resolved by Barnwell's response, Avon shall be permitted to file a noticed motion under the current case number of this action, seeking enforcement of this Consent Decree and Order. The prevailing party in such motion proceedings, whether in full or in part, may be entitled to an award of reasonable attorney fees, litigation expenses and costs for such motion.

**RELEASES**

18. Barnwell agrees to release Avon from any claims of infringement of her alleged common law trademark. Barnwell also knowingly and voluntarily waives and releases all rights and claims, known and unknown, which she may have against Avon, or any of its past, present, or future parents, subsidiaries, affiliated companies or entities (including, but not limited to, affiliated partnerships and joint ventures), predecessors, successors, assigns, partners, officers, trustees,

directors, managers, employees, and/or attorneys, relating to this action, or which could have been or could be alleged in this action, including but not limited to, Barnwell's employment with Avon, Avon's processing of federal and state tax levies imposed against Barnwell's wages, and Avon's use of Barnwell's alleged trademark.

19.  Avon knowingly and voluntarily waives and releases all rights and claims, known and unknown, which it may have against Barnwell, or any of her predecessors, successors, assigns, partners, trustees, managers, attorneys, insurers, agents, or representatives relating to this action, or which could have been or could be alleged in this action.

20.  The Parties acknowledge and agree that they expressly release all rights and claims that they know about, as well as those they may not know about, relating to this lawsuit.  The Parties expressly waive all rights under Section 1542 of the Civil Code of the State of California or any other comparable statute which may be applicable.  Section 1542 reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

**JOINT PREPARATION AND SEVERABILITY**

21.  This Consent Decree and Order is deemed jointly prepared by the Parties and shall not be strictly construed against any party as its drafter.  If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

**OWNERSHIP AND NON-ASSIGNMENT OF CLAIMS**

22.  The signatories to this Consent Decree and Order represent that they are authorized to bind the Parties to this Consent Decree and Order.

**EXECUTION IN COUNTERPARTS**

23. This Consent Decree and Order may be executed in counterparts and with separate signature pages. A pdf or facsimile copy of the signature is as valid as the original.

**ENTIRE CONSENT DECREE AND ORDER**

24. This Consent Decree and Order, along with the Settlement Agreement and General Release, constitute the entire agreement between the Parties, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties, that is not contained in this written Consent Decree and Order or in the Settlement Agreement and General Release, shall be enforceable regarding the matters described herein.

Dated: June 18, 2015    AVON PRODUCTS, INC.

By: _____
[Name] JEFF BENJAMIN
Its: SENIOR VICE PRESIDENT, GENERAL COUNSEL AND CHIEF ETHICS & COMPLIANCE OFFICER

Dated: June 18, 2015    By: Susan E Barnwell

Susan E. Barnwell
Defendant

APPROVED AS TO FORM AND CONTENT:

PAUL HASTINGS LLP

Dated: June 30, 2015          By: _____
                              Katherine F. Murray
                              Attorneys for Avon Products, Inc.

Dated: July 2, 2015           By: _____
                              Susan E. Barnwell
                              Defendant

IT IS SO ORDERED.

DATED:   July 6, 2015


By: _____
    Hon. John F. Walter
    United States District Court Judge